UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATES**

v.                    405CR068

**PATRICK HENRY HEYWARD**

## ORDER

This Court denied defendant Patrick Henry Heyward's motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582(c)(2). Doc. # 28.[1] He now appeals (doc. # 29) and moves for: appointment of counsel, leave to appeal *in forma pauperis* (IFP), and a free transcript. Doc. ## 29 at 1, 33, 35, 38.

With respect to his IFP motion, defendant is not subject to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore*, 973 F.Supp. 1475 (S.D.Ga. 1997), *rev'd on other grounds*, *Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998). Heyward, a pauper, therefore must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Put another way, he must show that this Court erred and in a way that prejudiced his "substantial rights." F.R.Civ.P. 61.

In its Order denying Heyward's § 3582(c)(2) motion, the Court declined to reduce his 170-month sentence:

> The Court notes that this defendant is a career offender, pursuant to U.S.S.G. § 4B1.1. The amendment to the crack cocaine guideline does not impact this defendant's guideline computations for that reason.

Doc. # 28 at 1.

While the Judgment against him makes no mention of the "career offender" component, doc. # 21, the Presentence Investigation Report (which is not filed in the record) does. Heyward was provided a copy of that prior to sentencing, and this Court sentenced him as a career offender. Heyward raises no argument in his IFP motion showing how he would prevail against this result on appeal. He thus fails to meet the IFP criteria, so his IFP motion therefore is **DENIED**. Doc. # 29.

As for Heyward's transcript request,

> indigent prisoners seeking postconviction collateral relief do not have an automatic right to free copies of court transcripts and documents. Criminal defendants have an

---

[1] On 10/2/05, the Court sentenced Heyward to 170 months upon his guilty-plea conviction to one count of violating 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Distribution of 5 grams or more of cocaine base). Doc. # 21. However,

> [on 11/1/07] the [U.S.] Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in [United States Sentecing Guidelines (U.S.S.G.)] § 2D1.1(c). U.S.S.G.App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of [3/3/08]. *See* U.S.S.G.App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

*U.S. v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008). Defendants, then, may invoke the amended crack guidelines to seek sentence reductions under 18 U.S.C. § 3582(c)(2). *See U.S. v. Smith*, 2008 WL 2148075 at * 1 (E.D.Wis. 5/21/08) (unpublished). Heyward invoked that remedy to try and get his sentence reduced.

absolute right to a trial transcript for direct appeals, but, if they are seeking postconviction collateral relief, they must first demonstrate a nonfrivolous claim. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992) (per curiam).

*Nortonsen v. Larimer County Dist. Court*, 178 Fed.Appx. 783, 783 (10th Cir. 2006). Heyward has not shown that he has a nonfrivolous claim here. The Court therefore **DENIES** his transcript request, too. Doc. ## 33, 35, 38.

As for Heyward's motion for appointment of counsel (doc. # 29 at 1), it is **DENIED** because he has not shown the "exceptional circumstances" necessary to justify that relief. *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996), cited in *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). He enjoys no constitutional right to counsel at this juncture, and his moving papers evince an ability to present the essence of his claims. He is entitled to no more.

This 10 day of December, 2008.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA